UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DONALD R. JACKSON and
MYRTIS W. JACKSON,
as individuals,

      Plaintiffs,

v.    Case No. 3:04-cv-640-J-20HTS

GEOMETRICA, INC. a foreign
corporation, and BLACK &
VEATCH CORP., a foreign
corporation,

      Defendants.
_____

**O R D E R**

This cause is before the Court on Plaintiffs' Motion to Compel Geometrica to Answer Interrogatories, to Produce Documents, to Properly Respond to Admissions Requests, Motion for Attorneys' Fees, and Request to Exceed Twenty Page Limit (Doc. #39; First Motion) and Plaintiffs' Motion to Compel Defendant, Black & Veatch Corp to Answer Interrogatories, Requests to Produce Documents, to Properly Respond to Admissions Requests, and Motion for Attorneys' Fees (Doc. #42; Second Motion) (collectively Motions), both filed on November 30, 2005, the day before discovery was scheduled to

close.  *See* Order Granting Joint Motion for Continuance (Doc. #17) at 1.[1]

While Plaintiffs represent they sent a letter to each Defendant in regard to the issues raised in the Motions, First Motion at 2, 13, 27, 32; Second Motion at 2, 6, 10-11, they have not satisfied the requirements of Rule 3.01(g), Local Rules, United States District Court, Middle District of Florida (Local Rule(s)).

A "very important rule[,]" *Desai v. Tire Kingdom, Inc.*, 944 F. Supp. 876, 878 (M.D. Fla. 1996), Local Rule 3.01(g) mandates "a substantive conversation in person or by telephone in a good faith effort to resolve the motion without court action, and does not envision an exchange of ultimatums by fax or letter."  *Lockheed Martin Corp. v. The Boeing Co.*, Case No. 6:03-cv-796-Orl-28KRS, 2003 WL 22962782, at *5 (M.D. Fla. October 21, 2003); *see also Davis v. Apfel*, No. 6:98-CV-651-ORL-22A, 2000 WL 1658575, at *2 n.1 (M.D. Fla. Aug. 14, 2000) ("Rule 3.01(g) requires counsel and unrepresented parties to . . . speak to each other in person or by telephone[.]").  Active dialogue undertaken in a good faith effort to come to an agreement is potentially much more effective than a volley of letters.  In view of the importance of such effort, "Local Rule 3.01(g) is strictly enforced." *United States v. Gwinn*,

---

[1]   "All requests and motions pertaining to discovery shall be filed so that the discovery desired will be due <u>prior</u> to the completion date and any disputes which require[] Court intervention shall be made by proper motion immediately."  Case Management and Scheduling Order (Doc. #7) at 1.

No. 8:02-CV-1112-T-27EAJ, 2003 WL 21356785, at *2 (M.D. Fla. April 25, 2003) (citing Middle District Discovery (2001)).

Here, the Plaintiffs discuss various discovery requests, propounded in June, July, and August of 2005.  *See* First Motion at 1, 13, 27, 32; Second Motion at 1, 5, 10.  In November, each Defendant was sent a letter regarding its responses.  *See* First Motion at 2, 13, 27, 32 (letter sent requesting counsel withdraw objections and provide all documents, answers, and admissions responsive to requests); Second Motion at 2, 6, 10-11 (same); *see also* letter, attached to the First Motion as Exhibit C, at (internally numbered) 1 ("We are writing pursuant to the United States District Court's local rules requiring conferences arising out of discovery disputes prior to filing a motion to compel."), 9 ("[P]lease amend Defendant's Discovery Responses to comply with the aforementioned issues within the next ten (10) days or we will have no choice but to file a motion to compel[.]"); letter, attached to the Second Motion as Exhibit C, at (internally numbered) 1, 3 (same).  This is plainly insufficient.

Accordingly, the Motions (Docs. ##39 & 42) are taken under advisement and Plaintiffs shall, after conducting the required conference and within five (5) days of the date of this Order, file and serve an appropriate certification of compliance with Local Rule 3.01(g).  Failure to do so will result in the Motions being stricken.  If the parties are unable to resolve the matters at

- 3 -

issue without Court intervention, Defendants shall, within ten (10) days of the conference conducted pursuant to Local Rule 3.01(g), file their responses to the Motions.

**DONE AND ORDERED** at Jacksonville, Florida this 6th day of December, 2005.

/s/      Howard T. Snyder
HOWARD T. SNYDER
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record and
    *pro se* parties, if any