**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

DONALD R. JACKSON and
MYRTIS W. JACKSON,
as individuals,

      Plaintiffs,

v.                                        Case No. 3:04-cv-640-J-20HTS

GEOMETRICA, INC. a foreign
corporation, and BLACK &
VEATCH CORP., a foreign
corporation,

      Defendants.

_____

**<u>O R D E R</u>**

This cause is before the Court on Plaintiffs' Motion to Compel Geometrica to Answer Interrogatories, to Produce Documents, to Properly Respond to Admissions Requests, Motion for Attorneys' Fees, and Request to Exceed Twenty Page Limit (Doc. #39; Motion), filed on November 30, 2005. Plaintiffs' Memorandum in Support of Motion to Compel Answers of Defendant Geometrica, Inc. to Interrogatories, Request to Produce Documents, to Properly Respond to Admissions Requests, Motion for Attorneys' Fees, and Request to Exceed Twenty Page Limit (Doc. #40; Memorandum) was submitted along therewith. On December 20, 2005, Defendant Geometrica's Motion in

Opposition to Plaintiffs' Motion to Compel Answers to Interrogatories, Request to Produce Documents, to Properly Respond to Admissions Request, and Motion for Attorneys Fees (Doc. #51; Opposition) was filed.

Plaintiffs "move to exceed the Local Rules' twenty (20) page limit . . . due to the volume of the discovery requests[.]" Motion at 1 n.1.  No objection to this request has been raised and the Court will consider the Motion and Memorandum as filed.

**General Objections**

It is asserted that Geometrica improperly included general objections in its replies to Plaintiffs' First Request for Production to Defendant Geometrica (Document Request), attached to the First Motion as Exhibit A, and Plaintiffs' First Set of Interrogatories to Defendant Geometrica (Interrogatories), attached to the First Motion as Exhibit D.  *See* Motion at 2, 13-14. Plaintiffs ask these responses "be amended to exclude" the general objections.  *Id.* at 2, 14.

"General or blanket objections should be used only when they apply to every [discovery request at issue.]" Middle District Discovery (2001) at 11, 15.  Otherwise, "[s]pecific objections should be matched to specific" interrogatories or requests for production.  *Id.* 11, 15; *see also* Rule 33(b), Federal Rules of Civil Procedure (Rule(s)); Rule 34(b).  Additionally, "[w]hen ruling upon a motion to compel, the court generally considers those

- 2 -

objections which have been timely asserted and relied upon in response to the motion.   It generally deems objections initially raised but not relied upon in response to the motion as abandoned." *Cotracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 655, 662 (D. Kan. 1999); *see Auto Owners Ins. Co. v. Totaltape, Inc.*, 135 F.R.D. 199, 201 n.1 (M.D. Fla 1990) (finding abandoned initial objection not subsequently discussed in response to motion to compel).

Thus, as to those general objections which have not been presented in the Opposition, the Court finds they have been abandoned and will not consider them in the resolution of the Motion.

**Requests for Production 1, 5-13, 15, 17-19**

The Motion asks the Court to compel Defendant to provide documents pursuant to the listed requests and discusses the various objections initially raised by Geometrica.   Motion at 2-3, 5-13. In response, it is contended only that the materials sought in these requests are irrelevant because "the primary issue in the case at bar is whether Plaintiff's claim for damages is barred by the Florida Worker's Compensation Act, and not whether Plaintiff's alleged injuries result from Geometrica's alleged negligence." Opposition at 16 (emphasis omitted).   It is noted that relevance was not specifically raised by Geometrica in its objections to requests 15, 17, and 18, except to the extent the subject was

- 3 -

mentioned in the general objections.  Additionally, as to all the requests at issue, Defendant's argument is wholly unpersuasive.

Pursuant to Rule 26(b), "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Here, Plaintiffs filed the Complaint for Negligence and Loss of Consortium (Doc. #2; Complaint).  The Complaint clearly alleges Plaintiff Donald R. Jackson was injured as a result of Geometrica's negligence. *Id.* ¶ 36.  Defendant Geometrica, Inc.'s Answer and Affirmative Defenses to Plaintiffs' Complaint, attached to the Notice of Filing Answer (Doc. #11), includes the exclusivity of "Workers' Compensation law of the State of Florida" as an affirmative defense. *Id.* at (internally numbered) 6.  Likewise, in Defendant Geometrica's Dispositive Motion for Summary Judgment (Doc. #28) it is stated "Plaintiffs' claim for negligence resulting in a work-related injury is barred by Florida's Workers' Compensation Act, the exclusive remedy available." *Id.* at 1. Nevertheless, summary judgment has not yet been granted in this case and the claim for negligence is currently viable.

Thus, the relevance objection, premised upon the exclusivity of the Workers Compensation Act as the basis for refusing document production is not well taken.  Discovery relating to Geometrica's

alleged negligence is properly discoverable and Defendant must provide all documents responsive to these requests to the extent it has not already done so.

**Requests for Production 2-4**

By way of Requests for Production 2-4, Plaintiffs sought materials "prepared, relied upon or referred to by an expert" and those items Geometrica intends to offer at trial. Motion at 3; *see id.* at 3-4; Document Request at 6. Defendant responded that it had not yet determined what it would use at trial and the demand was premature. Motion at 3-4; Response of Geometrica Inc.'s Response to Plaintiff's First Request for Production (Production Response), attached to the Motion as Exhibit B, at 3-4.

Plaintiffs contend "an objection of 'premature' is not a known objection." Motion at 3-5. It is stated they "believe that Geometrica is attempting to indicate that discovery is still ongoing and that this Request will be updated in accordance with Rule 26(e)[.]" *Id.* According to Defendant, it "did in fact respond to request No. 2-4, by specifically stating that Geometrica has not yet determined what documents and/or items, and expert opinions, if any, it intends to use at trial." Opposition at 17.

Discovery has now closed and trial is scheduled to begin in May of 2006. *See* Order Granting Joint Motion for Continuance (Doc. #17) at 1. To the extent Geometrica is now able to provide

documents in response to these requests, it should do so as required pursuant to Rule 26(e).

**Requests for Production 14, 16**

Defendant raised objections to these production requests, *see* Production Response at 7, which Plaintiffs assert were insufficient. Motion at 10-11. Geometrica has now apparently abandoned the objections, and states only that it "did in fact respond to request No. 14, 16, by specifically stating that [it] has not yet determined any documents responsive to this request." Opposition at 17-18.

In light of the representation Defendant has no documents to produce, it will not be compelled to do so. However, if such materials currently exist, it should remain mindful of the duty to supplement under Rule 26(e).

**Interrogatories**

Plaintiffs are dissatisfied with Geometrica's answers to a large number of the Interrogatories. *See* Motion at 14-27. With respect to questions 1-2, 6-7, 11-12, 14-15, 20, and 24-25, Defendant contends, among other things, that the information sought is irrelevant because whether Mr. Jackson's injuries occurred as a result of its negligence is not the main issue herein. Opposition at 8-15. The Court has already rejected this argument. *See supra*. Thus, to the extent Defendant has failed to provide full answers on this basis, it must now do so.

Geometrica further states Interrogatories 1, 3, 7, 11-12, 14-16, and 20-22 are vague and ambiguous.  Opposition at 8-14.  It is also asserted questions 3, 11-12, and 14-15 are overbroad.  *Id.* at 9-13.  The Court having reviewed the questions at issue, only numbers 3 and 16 warrant additional elaboration.  As to the remaining Interrogatories, the aforementioned objections are not well founded and Defendant must provide further information if any has been withheld.

Interrogatory 3 seeks to have Defendant "identify all person(s) who are believed or known by [it] or its agents or attorneys who have knowledge concerning any of the issues or facts in this controversy and specify the subject matter about which the witness has knowledge."  Interrogatories at 8 (capitalization omitted); *see* Motion at 15.  Geometrica states it responded to the question by "identif[ying] three individuals with knowledge of the issues and facts in controversy."  Opposition at 9. Further, it contends "this interrogatory is overbroad because it may seek information which is attorney-client privileged and/or work-product, and since this Interrogatory is so vague/ambiguous, Geometrica is prejudiced in that it is unable to file a proper privilege log as required by Fed. R. Civ. P. 26(b)(5)."  *Id.*  Upon review of the question, this objection is overruled.  The discovery request is clear enough that Defendant can properly answer it and provide a privilege log, if appropriate.  Therefore, it must do so.

In question 16, Plaintiffs seek to have Geometrica "identify all documents, items, and tangible things relevant to the subject matter of Plaintiffs' Complaint or Defendants' Answers filed herein[.]"  Interrogatories at 21 (capitalization omitted). Defendant states it responded that "it was not aware of any such documents." Opposition at 13.  Further, it is argued the vagueness and ambiguity objection is proper "because the phrase 'relevant to the subject matter of Plaintiff's complaint' is very subjective, and arguably subject to more than one interpretation." *Id.*  This point is well taken and, therefore, no additional response is required.

In relation to Interrogatories 4, 10, and 23, Geometrica does not discuss any of the objections it originally raised, and asserts only that it has already responded.  Opposition at 9-10, 14-15. Having reviewed the questions and Defendant's answers thereto, for 4 and 23, the Court reminds Defendant of its ongoing duty to supplement its answers pursuant to Rule 26(e).  However, Interrogatory 10 asked Geometrica to "describe in detail, the factual basis for each affirmative defense raised" by it. Interrogatories at 15.  Defendant simply referred "Plaintiff to his deposition and the worker's compensation insurance policies of his employer, Basic Industries and the owner controlled insurance program implemented by Jacksonville Electrical Authority for the northside repowering plant project." Motion at 18.  It is stated

- 8 -

"[t]he factual bases for Geometrica's affirmative defenses are based on each of the documents . . . identified." Opposition at 10.

This answer is not sufficient. Geometrica has, in part, referred Mr. Jackson to his deposition and the insurance policies of his employer. "Only business records may be used in lieu of interrogatory answers." Steven Baicker-McKee, William M. Janssen & John B. Corr, *Federal Civil Rules Handbook* at 665 (2004). To the extent Geometrica is to use business records as its response to the question, it must provide sufficient information to allow Plaintiffs "to locate and to identify, as readily as can the party served, the records from which the answer may be ascertained." Rule 33(d); *see also* Middle District Discovery (2001) at 11-12 ("To avoid abuses . . . the party wishing to respond to interrogatories in the manner contemplated by Rule 33(d) should . . . [s]pecify the documents to be produced in sufficient detail to permit the interrogating party to locate and identify the records and to ascertain the answer as readily as could the party" to whom the interrogatory is directed.). In light of the foregoing, Geometrica shall provide a proper answer to the interrogatory at issue.

Finally, aside from the other objections raised to questions 11-12, 14, and 21-22 by Defendant, it states it has responded in full. The objections to these questions asserted in the Opposition have already been overruled. *See supra.* To the extent any

interrogatory has not been or cannot be fully answered by a detailed reference to business records that have been produced, a traditional style response must be provided. Further, as it appears following review that Interrogatories 21 and 22 were not fully answered, all the information sought therein must be provided.

### Requests for Admissions

As to Plaintiffs' First Request for Admissions to Defendant Geometrica, Inc. (First Admissions), attached to the Motion as Exhibit E, and Plaintiffs' Second Request for Admissions to Defendant Geometrica, Inc. (Second Admissions), attached to the Motion as Exhibit G, Plaintiffs are dissatisfied with Defendant's responses to numbers 2, 4, 16, 17, 21 and 23-24 of the First Admissions and 5-9 of the Second Admissions.

Defendant's only argument regarding its responses to 5-9 of the Second Admissions is that information relating to negligence is irrelevant. Opposition at 6-7. As the Court has already concluded these materials are relevant, *see supra*, full responses must be provided to these requests. The same issue is raised in relation to the answers provided to numbers 2 and 16 of the First Admissions. *Id.* at 2-5. However, as the relevance objection is not well taken it may not serve as a basis for withholding full responses.

Geometrica believes it has provided responses for numbers 2, 4, 16 and 17 of the First Admissions.  For all of these except question 4, better answers must be provided as Plaintiffs ask; for number 4 a full reply has been provided.

Finally, objections are raised to numbers 21, and 23-24 on two bases.  First, it is contended the discovery requests are "vague, ambiguous and incomplete." *Id.* at 5.  Second, the questions are asserted to be the same as certain paragraphs in the Complaint and, therefore, improper.  *Id.*

As Defendant correctly observes, "the Eleventh Circuit has admonished against 're-serv[ing] the complaint in the form of a request for admissions in order to require the defendant to admit or deny nearly every paragraph [of a complaint it has already answered].'"  *U.S. v. Persaud*, 229 F.R.D. 686, 694 (M.D. Fla. 2005) (quoting *Perez v. Miami-Dade County*, 297 F.3d 1255, 1269 (11th Cir. 2002)).  A review of the requests alongside the Complaint reveals they are not identical.  In any event, the Court is not of the view that three questions would rise to the level contemplated by the court in *Perez.*

Defendant already denied question 23 in it responses.  *See* Motion at 31.  Thus, the Motion will not be granted as to that statement.  Furthermore, it appears the term "typical winds" in request 24 and the standard referred to in 21 were not defined

- 11 -

therein and therefore, the requests were ambiguous and Geometrica's objections on that basis will stand.

**Conclusion**

The Motion (Doc. #39) is **GRANTED** to the extent specified herein and Geometrica must provide the additional discovery within ten (10) days from the date of this Order.  Otherwise, the Motion, including the request for attorney fees, is **DENIED.**

**DONE AND ORDERED** at Jacksonville, Florida this 27th day of January, 2006.

/s/      Howard T. Snyder
HOWARD T. SNYDER
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record and
    *pro se* parties, if any