UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DONALD R. JACKSON and
MYRTIS W. JACKSON,
as individuals,

    Plaintiffs,

v.                                    Case No. 3:04-cv-640-J-20HTS

GEOMETRICA, INC. a foreign
corporation, and BLACK &
VEATCH CORP., a foreign
corporation,

    Defendants.
_____

**O R D E R**

This cause is before the Court on Plaintiffs' Motion to Compel Defendant, Black & Veatch Corp to Answer Interrogatories, Requests to Produce Documents, to Properly Respond to Admissions Requests, and Motion for Attorneys' Fees (Doc. #42; Motion). The Memorandum in Support of Plaintiffs' Motion to Compel Defendant, Black & Veatch Corp to Answer Interrogatories, Requests to Produce Documents, to Properly Respond to Admissions Requests, and Motion for Attorneys' Fees (Doc. #43) was also submitted. Thereafter,

Defendant, Black & Veatch Corporation's Memorandum of Law in Opposition to Plaintiffs' Motion to Compel Discovery (Doc. #49; Opposition) was filed.

**Requests for Production**

Plaintiffs are dissatisfied with Black & Veatch Corp.'s (Black & Veatch) responses to Requests for Production 1, 4, 6, 8, 9, and 19. Motion at 2-5. Defendant states all but number 8 ask its "attorney to determine what documents he should produce in addition to the documents he has already produced in response to discovery." Opposition at 1. It is asserted this material is protected as work product and further "[a]s to the work product catalogue customarily required for objections on privilege . . . [it] did not provide such a catalogue because once again it would have to try to determine from the impressions of its attorney what the catalogue would consist of." *Id.* at 2.[1]

"The work product doctrine protects from disclosure materials prepared in anticipation of litigation by or for a party or that party's representative (including its attorney). The party resisting discovery bears the burden of demonstrating the

---

[1] As well, Defendant "contends [these] request[s] for production . . . are unduly oppressive and burdensome[.]" Opposition at 2. It is noted "a request for documents . . . should be clear, concise, and reasonably particularized. For example, a request for 'each and every document supporting your claim' is objectionably broad in most cases." Middle District Discovery (2001) at 10. However, these objections were not raised in the initial reply to the discovery request, *see* Defendant, Black & Veatch's Response to Plaintiffs' First Request to Produce, attached to the Motion as Exhibit B, at [unnumbered] 1-2, and are therefore, considered to have been waived. *See* Middle District Discovery (2001) at 11.

applicability of the work product doctrine." *Auto Owners Ins. Co. v. Totaltape, Inc.*, 135 F.R.D. 199, 201 (M.D. Fla. 1990) (citations omitted); *see also* Rule 26(b)(3), Federal Rules of Civil Procedure.

Request 6 asks for documents that "evidence[,] refer, or relate to any communication(s) . . . concerning any of the issues relating to this case." Plaintiffs' First Request for Production to Defendant Black and Veatch, attached to the Motion as Exhibit A (Document Request), at 6 (emphasis omitted). Number 9 seeks "items of any nature pertaining to this lawsuit[.]" *Id.* at 7 (emphasis omitted). Plaintiffs attempt to obtain "[a]ll agreements and/or documents and/or items . . . related to the subject complaint" by way of Request 19. *Id.* at 8 (emphasis omitted).

It has been held that under some circumstances an attorney's compilation of documents constitutes work product for which protection is available. *See Sporck v. Peil*, 759 F.2d 312 (3d Cir. 1985); *Shelton v. Am. Motors Corp.*, 805 F.2d 1323 (8th Cir. 1986). However, "[n]ot everything which may give inkling of a lawyer's mental impressions, conclusions, opinions or legal theories is protected as the lawyer's work-product. Almost every adversarial position adopted can, through deduction, give some indication of thought processes or strategy[.]" *Mead Corp. v. Riverwood Natural Res. Corp.*, 145 F.R.D. 512, 520 (D. Minn. 1992) (distinguishing *Sporck* and *Shelton* and ordering production of

certain documents). It is clear "that an overly broad application of work-product immunity could easily eviscerate the discovery rules and their purpose." *Id.*

Upon consideration, the Court concludes the materials sought in Requests 6, 9, and 19 are not protected work product. Defendant is not being asked for a compilation of documents that would reveal strategies or opinions regarding this case. While, to a certain extent, the provision of matters "related" to the litigation does give insight into the impressions of counsel, the matters inquired into are not of a nature such that they should be considered "essentially internal and which the lawyer could reasonably expect would never see the light of day." *Mead*, 145 F.R.D. at 521. Therefore, Black & Veatch must produce documents responsive to these requests.

Question 1 seeks materials to be produced at trial that "refer or relate in any way to any of the events, matters or transactions described in the Complaint, Affirmative Defenses, or denial of liability." Document Request at 5. Number 4 requests "[a]ll documents not otherwise described above which Black & Veatch expects to or may introduce as evidence at the trial of this cause." Document Request at 6 (emphasis omitted). Again, Defendant contends the discovery would reveal the opinions of its counsel. *See* Opposition at 2. Unlike the requests discussed above, this clearly has the potential to provide Plaintiffs with a

- 4 -

window into the trial strategy of their opponent. "The thrust of [the request] is not to discover evidentiary facts, but to discover counsel's evaluation and intent in regard to evidentiary facts." *Mead*, 145 F.R.D. at 521 (discussing request for documents to be relied upon at trial). The Court will not require production of these materials in response to the Document Request prior to the time already provided for in the Local Rules and the Case Management and Scheduling Order (Doc. #7; CMSO). *See* Rule 3.06, Local Rules, United States District Court, Middle District of Florida (providing for examination of all exhibits to be offered at trial no later than ten days prior to the final pretrial conference); CMSO at 2 (attorneys must meet "at least two weeks before the date of the pretrial conference to . . . examine all exhibits and documents proposed to be used at the trial").

Through Request 8, Plaintiffs seek "[a]ll documents . . . . in any other cause of action in which Black & Veatch was or is a party." Motion at 4 (emphasis omitted); Document Request at 6. Defendant has objected, stating this is "irrelevant, immaterial, [and] overly broad as to the scope, type of litigation, and the time frames involved." Motion at 4; *see* Opposition at 3. Nonetheless, it expresses willingness to "produce former litigation of the type like this for three years." Opposition at 3. The Court agrees the request is overbroad and must be limited. *See, e.g., Kobelco Metal Powder of Am., Inc. v. The Energy Coop., Inc.*,

- 5 -

No. IP 01-0051-C H/K, 2001 WL 1397311, at *4 (S.D. Ind. Oct. 30, 2001) (limiting interrogatory asking for information about "all lawsuits" to suits involving certain types of claims).  Thus, Black & Veatch need only produce materials from litigation of a like kind from three years prior to the incident in question through the date of production.

**Interrogatories**

Although, by way of question 11, Defendant was asked to "identify and describe all codes, laws, standards, rules, or theories utilized, complied with, or relied upon in all phases of design, engineering, oversight, implementation, or construction of the JEA Dome[,]" Motion at 6 (emphasis omitted); Plaintiffs' First Set of Interrogatories to Defendant Black and Veatch Corp. (Interrogatories), attached to the Motion as part of Exhibit D, at 15, it replied by referring only to its design manual and the technical specifications it prepared for the project.  Motion at 6; Defendant's Notice of Service of Answers to Plaintiffs' Interrogatories (Answers), attached to the Motion as Exhibit E, at [unnumbered] 18.  Plaintiffs contend the question has not been answered and the reference to documents is vague and improper.  Motion at 6.

As discussed in the earlier Order (Doc. #52), if business records are to be used as an interrogatory response, the information provided must be detailed enough that Plaintiffs will

be able to ascertain the answer to the question. *Id.* at 9. Thus, if Black & Veatch intends to use the listed documents as its reply, it must "'[s]pecify the documents to be produced in sufficient detail to permit the interrogating party to locate and identify the records and to ascertain the answer as readily as could the party' to whom the interrogatory is directed." *Id.* (quoting Middle District Discovery (2001) at 12). Further, to the extent the interrogatory cannot be fully answered through this method, a traditional-style response must be given.

Interrogatory 12 asks for the identification and description of "all possible alternative methods of bracing . . . the JEA DOME[.]" Motion at 7; Answers at [unnumbered] 19. Defendant indicated these matters were outside its knowledge. Though the interrogatory is included in the Motion, Plaintiffs fail to point out any deficiency in the objection. Upon review, the Court will require no further answer from Black & Veatch.

Numbers 21 and 22 ask who participated in answering the interrogatories or was consulted "to obtain information responsive to the request[s.]" Interrogatories at 26; *see id.* at 25; Motion at 7-8. Defendant believes this is protected attorney work product. *See* Motion at 7-8; Opposition at 4. No authority is cited in support of Black & Veatch's position. It appears the questions seeks only "the people who provided the factual knowledge reflected in the answers." *United States v. N. Trust Co.*, 210 F.

- 7 -

Supp. 2d 955, 958 (N.D. Ill. 2001). The Court is not of the view that this information constitutes protected work product and Defendant has not demonstrated otherwise. *See also supra*. Accordingly, it must be provided.

Defendant has raised no objection to questions 24 and 25. *See* Motion at 8-9; Opposition at 4. These questions request the name and address of everyone with knowledge or possession of any document or other thing as well as for the identification of all documents and things relevant to the case. Motion at 8-9; Interrogatories at 28-29. In response to both interrogatories, Plaintiffs were informed that the project files and other business records are in Defendant's Kansas City office. Motion at 9; Answers at [unnumbered] 30-31. Black & Veatch now states its answers are "appropriate . . . for a large corporation." Opposition at 4.[2] Defendant's response fails to fully answer the interrogatories posed. Hence, to the extent it is able, it must now do so.

Plaintiffs additionally inquired whether Defendant had "ever been a party to any other legal action before any federal or state court or any federal or state administrative agency[.]" Motion at 9; Interrogatories at 30. They are not satisfied with Black & Veatch's agreement to "answer the interrogatory for three years

---

[2] It is further stated that the company should not have "to guess . . . what documents or items the plaintiffs might think are relevant[.]" Opposition at 4. Yet, the Answers contain no objection to the questions at issue.

prior to July of 2000 and the one year subsequent, as to any suit in any federal or state court or any federal or state administrative agency as to claims arising out of the defective design of any fuel domes or any other structure." Motion at 10. Defendant has objected "on the grounds of relevancy and materiality as to any and all lawsuits[.]" Opposition at 5. Like Production Request 8, *see supra*, this question is clearly overbroad and seeks irrelevant information. The Court agrees with Defendant that the scope must be narrowed. Therefore, the Motion will be granted only to the extent Black & Veatch must provide information regarding lawsuits of a similar type, from three years prior to the incident in question through the date of production.

**Requests for Admissions**

Finally, Plaintiffs complain of objections raised to Admissions 5 and 8. *See* Motion at 11-12. Black & Veatch states it provided the requested admissions in spite of the objections included. *See* Opposition at 5; *see* Motion at 11-12. Upon review, it is clear Defendant has given full and sufficient answers to these requests and the Court will not compel anything more. *See Bell v. Domino's Pizza, Inc.*, No. Civ.A.99-2376(PLF/JMF), 2000 WL 1780266, at *2 (D.D.C. Nov. 21, 2000) ("[R]efusing to admit a matter on the grounds of irrelevancy wastes . . . judicial resources" and "the better practice [would be] to note[] an

objection on the grounds of relevancy and . . . respond[] to the request for admission by either admitting or denying it.").

**Conclusion**

The Motion (Doc. #42) is **GRANTED** to the extent set forth herein and discovery shall be provided, as appropriate, within ten (10) days from the date of this Order. Otherwise, the Motion, including the request for attorney fees, is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida this 2nd day of March, 2006.

<u>/s/        Howard T. Snyder        </u>
HOWARD T. SNYDER
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record and
    *pro se* parties, if any